PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ IRLANDA, Defendant and Appellant.

No. 4885. Argued December 13, 1932.—Decided July 26, 1933.

*Angel Fiol Negrón* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

José Irlanda was prosecuted for the offense of aggravated assault and battery, and it was charged that, being an adult male of robust strength, he wilfully and maliciously, with the intention to inflict serious bodily injury upon Felipe Rubero, a child 13 years of age, assaulted and battered him with an iron pipe, wounding him in his head, which resulted in a fracture and depression of the skull. He was convicted of said aggravated assault and battery and took the present appeal.

The grounds for this appeal are: Because the trial was not held in the District Court of Ponce within the 120 days following the filing of the record from the municipal court,

without just cause for said delay; and because the assault was not aggravated as it was not proved that the wounds inflicted were serious, that the accused was an adult male, or that the person assaulted was a child.

The record on appeal from the municipal court was received in the District Court of Ponce on June 20, 1931, and the trial *de novo* was set for the 23rd of July following. On the day before that set for the trial, a motion of the district attorney for the continuance of the case was heard with the intervention of attorney for appellant; and the court granted said motion.

All that we must now decide on that point is whether there was just cause for said continuance, granted over the objection of appellant, for if there was just cause the error urged in the first instance does not exist, since from that date until the day when the trial was subsequently held the 120 days referred to in subdivision 2 of section 448 of the Code of Criminal Procedure had not elapsed. The district attorney based his motion on a certificate bearing the same date as the motion and in which Dr. Passalacqua stated that he had examined Felipe Rubero, that the wound in the skull was infected, and that according to X-ray examinations made by Dr. A. Mayoral, there was the formation of sequestra which made an operation necessary. In view of said certificate the court postponed the trial.

The fact that the person assaulted was in the condition stated in the medical certificate constituted, in our opinion, just cause for the continuance of the trial as ordered by the lower court. In the case of *People* v. *Ibern,* 31 P.R.R. 867, wherein a continuance had been ordered without the intervention of the accused and until a necessary witness had recuperated his health, it was held that there was just cause for the continuance of the case. Besides, by ordering said continuance the possibility was avoided of having to institute another proceeding in the event that, after the holding of the trial, the person assaulted died as a result

of the infected wound or of the operation; and additional expense to both parties was also avoided thereby. Hence, the first error assigned is nonexistent.

The Act of March 10, 1904 (Comp. Stat. 1911, sec. 5664), provides that every assault and battery shall be considered as aggravated in certain specified cases. Among them are the following: "5. When committed by an adult male upon the person of a female or child, or by an adult female upon the person of a child;... 7. When a serious bodily injury is inflicted upon the person assaulted."

At the trial it was proved that the defendant was an adult male, an uncontradicted witness having testified that he was over 21 years of age, as he appeared to be about 35 or 36 years old. It was also proved that Felipe Rubero, the person assaulted, was a child, because not only was he so described by the witnesses on the prosecution, by some for the defense, and by defendant's counsel, but also Julio Guzmán, an insular policeman who had known him for 2 years previously, testified that he was about 13 or 14 years old; and although it is true that the trial judge on one occasion remarked that he believed he was 14 or 16 years old, on another occasion he stated that he was about 13 or 14 years of age. It was also proved at the trial that a wound in the head resulting in a fracture of the skull, is generally serious. Hence, as the aggravated circumstances charged were proved, the second and last ground of appeal can not be sustained.

The judgment appealed from must be affirmed.